UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS MCDONALD, JR.
CHAPTER 13 TRUSTEE

       Plaintiff,　　　　　　　　　　　　　Case no. 18-cv-11487
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Thomas L. Ludington

v.　　　　　　　　　　　　　　　　　　　　　　　Adversary Proceeding:
　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 17-02118-dob

PAUL WENZLOFF,
JOSHUA FIREMAN
WENZLOFF & WENZLOFF P.L.C., and
WILDFIRE CREDIT UNION,

       Defendants.
_____/

## ORDER AFFIRMING THE BANKRUPTCY COURT AND DISMISSING THE APPEAL

Notably, this appeal has little to do with the Debtors, Jonathan Wild and Tamara Moore, who are not parties to the adversary proceeding. Indeed, the Debtors received a Chapter 7 discharge on February 13, 2018. Yet the bankruptcy matter remained open solely because of the instant adversary proceeding, which continues to roll on. The appeal is also unrelated to Wildfire Credit Union's unsecured claim for $9,391.05, a claim which is surely exceeded by the cost of litigating the adversary proceeding, the motion to withdraw the reference, and now this appeal.

The dispute can succinctly be explained as follows.[1] At some point during the administration of the bankruptcy matter, creditor's counsel (Wenzloff) took issue with the fact that the Chapter 13 Trustee (McDonald) approved the Debtors' purchase of a new vehicle.

---

[1] The full factual and procedural history up to and including the adversary proceeding has been briefed multiple times by each party and reviewed by the Court over the past year. An exhaustive summary can be found in this Court's order denying the motion to withdraw the reference (Case No. 17-13858, ECF No. 16).

According to McDonald, Wenzloff accused him of, among other things, fraud on the court and failure to observe the proper procedure for handling the debtors' post plan confirmation purchase request. McDonald believed that such accusations amounted to abuse of process, libel, slander, defamation, and false light. McDonald then filed an adversary proceeding against Wenzloff, his law firm (Wenzloff and Wenzloff L.L.C.), Joshua Fireman (another attorney at the firm), and the Wildfire Credit Union (Creditor) (collectively, "Appellees"). (Case No. 17-02118-dob).[2] The Bankruptcy Court dismissed the adversary proceeding based on lack of standing[3], mootness, and lack of subject matter jurisdiction.

Much like the parties' skirmish earlier this year regarding withdrawal of the reference, the parties largely gloss over the narrow questions before this Court. Rather than squarely addressing the grounds the Bankruptcy Court articulated for dismissing the adversary proceeding, the parties rehash their disagreement over the propriety of the debtor's vehicle purchase and financing, as well as their displeasure with each other's behavior. At this point in the proceedings, they have surely devoted hundreds of pages of briefing to this task. Because the questions before this Court on appeal involve no review of the merits of the underlying claims, the Court will not return to those issues.

**I**.

Final orders of a bankruptcy court are appealable to a federal district court under 28 U.S.C. § 158(a). *In re Gourlay*, 496 B.R. 857, 859 (E.D. Mich. 2013). "Th[is] Court reviews a

---

[2] The complaint contains 7 counts alleging abuse of process, slander, libel, defamation, and false light. As for relief, Plaintiff asks the court to "strike the entirety of the pleadings, statements and discovery from the record due to their scandalous, disparaging and unnecessary and untrue nature." *Id.* at 13. He also asks the court to dismiss Defendant's allegations in the Chapter 13 matter, award costs and fees, set aside the *Fuller* order in its entirety, and impose sanctions. Finally, Plaintiff seeks punitive damages of $100,000 "to be distributed as follows: $50,000 to a charity promoting bankruptcy education or assistance of the court's choosing and $50,000 to the Office of the Chapter 13 Trustee for having been forced to defend and respond [to] the Pleadings . . .," and additional damages for defamation, libel, and slander. *Id*

[3] Because mootness and lack of subject matter jurisdiction are sufficient to sustain the Bankruptcy Court's decision, the Court will not analyze standing.

bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Id.* (citing *AMC Mortg. Co. v. Tenn. Dep't of Revenue,* 213 F.3d 917, 920 (6th Cir.2000)).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Article III of the United States Constitution prescribes that federal courts may exercise jurisdiction only where an actual "case or controversy" exists. *See* U.S. Const. art. III, § 2. "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994)).

## II.

### A.

Counts I and IV seek declaratory and injunctive relief that the *Fuller* order[4] is not applicable to the *In re Wild* matter and that Plaintiff did not commit fraud on the court when he approved the GMC purchase. *Id.* at 4, 9. The Bankruptcy Court dismissed these counts based on mootness. Op. at 11, Bkr. Dkt. 56 (Case No. 17-02118-dob).

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is jurisdictional because the jurisdiction of federal courts extends only to actual, ongoing cases or controversies. *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012).

As the Bankruptcy Court correctly concluded, there is no live dispute as to the applicability of the *Fuller* order or the propriety of the vehicle purchase. The Chapter 7 case is

---

[4] The *Fuller* order was allegedly the order establishing the procedure for approval of post plan confirmation purchases by the debtor. According to McDonald, Wenzloff accused him of violating the *Fuller* order.

closed. The debtors and creditor were the only parties with a legally cognizable interests in the outcome of that issue. No party is presently challenging any disposition of assets arising out of the Debtors' purchase of the new vehicle. In this context, granting purely declaratory relief would be an advisory opinion.[5]

The Trustee argues that a mootness exception applies for "wrongs capable of repetition yet evading review," and for issues affecting the public interest. Br. at 16–17. ECF No. 6. According to the Trustee, the creditor attempted (apparently unsuccessfully) to set aside the ex parte order approving the vehicle purchase. It is unclear how, from the Trustee's perspective, this constitutes a "wrong" that ought to be reviewed by this Court, considering the Appellees did not succeed in setting aside the purchase. The Trustee's desire to discourage similar attempts in future cases does not constitute a justiciable controversy, nor does it affect the public interest. Accordingly, the Bankruptcy Court's dismissal of Counts I and IV will be affirmed.

**B.**

The abuse of process counts (counts II and III) seek sanctions under Federal Rule of Bankruptcy Procedure 9011. The Bankruptcy Court dismissed these counts for the same reasons as counts I and IV, namely the lack of a live controversy. Op. at 11, Bkr. Dkt. 56. The Bankruptcy Court further explained that "*if the Court is incorrect that the Rule 9011 claims are moot,*" then sanctions are nevertheless inappropriate because 1) sanctions would be duplicative of the relief sought by the defamation claims, and 2) the 21-day safe harbor provision was not met. *Id.* at 12–13 (emphasis added). The Trustee takes issue with the latter conclusion. The Trustee does not, however, advance any argument regarding mootness or duplication. Because

---

[5] The truth or falsity of the alleged defamatory statement would perhaps be relevant to the defamation counts. This does not, however, create a live controversy for the purposes of a standalone declaratory judgment claim.

the Trustee only addresses one of the Bankruptcy Court's three independent bases for dismissal, the Bankruptcy Court's dismissal of Counts II and III will be affirmed.

**C.**

The defamation, libel, and slander counts (counts V-VII) are unrelated to the Debtors' chapter proceeding other than that they occurred during its administration. Plaintiff alleges Defendants accused him of "wrongful conduct involving moral turpitude," "cast his character in a false light", accused him of "Fraud, Contempt of Court and collusion," and "breached the public trust in the office of the Standing Chapter 13 Trustee." Embedded in his three repetitive defamation counts also appears to be a claim for "false light," which is in fact a privacy tort distinct from defamation. The Bankruptcy Court dismissed these claims for lack of subject matter jurisdiction. The Trustee did not challenge that conclusion in his initial brief.

However, in his reply brief as well as during oral argument[6] the Trustee did make an overarching jurisdictional argument. It is difficult to engage with this argument intelligently because it is largely unintelligible. It appears to go something like this: although Appellees are not the one's suing the Trustee (he is in fact suing them), their "claims" against him[7] implicate federal subject matter jurisdiction because he (as the Chapter 13 Trustee) is an officer of the Court and of the United States. Thus, anyone who accuses the Trustee of malfeasance in conjunction with the exercise of his official duties does so at their peril. Such accusations must be accorded the legal status of a claim arising under federal law, and the accuser must be prepared to substantiate their claims. Because these "claims" against the Trustee arise under

---

[6] The Bankruptcy Court held oral argument. This Court did not.
[7] The Trustee's repeated reference to the "claims" against him appears to refer to the accusations Appellees made in conjunction with their unsuccessful attempt to set aside the ex parte order approving the vehicle purchase. These accusations apparently include 1) that the Trustee did not comply with the *Fuller* order in approving the purchase, 2) that he perpetrated a fraud on the court in doing so, and 3) that he colluded with the Bankruptcy Judge.

federal law, this Court has supplemental jurisdiction over the Trustee's related state law claims for defamation.

It seems self-evident that this theory does not warrant a lengthy analysis. Suffice it to say that the only legal authority the Trustee offers to support this argument is inapposite. It involved a lawsuit initiated by the debtor *against* the Trustee, which is not the situation at hand. *See* Reply at 9-11 (citing *In re Heinsohn*, 231 B.R. 48 (E.D. Tenn 2000)). Accordingly, the Bankruptcy Court's dismissal of counts V-VII will be affirmed.

## III.

Accordingly, it is **ORDERED** that the Bankruptcy Court's order dismissing the adversary proceeding (Bkr. Dkt. 56, Case No. 17-02118-dob), is **AFFIRMED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 25, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager